Doerfer, J.
Plaintiff, a regional school district, brought a complaint for declaratory relief pursuant to G.L.c. 231A, claiming that the Education Reform Act of 1993 violates its constitutional and statutory rights. For the reasons stated below, defendant’s motion for dismissal of plaintiffs complaint pursuant to Mass.R.Civ.P. 12(b)(6) is allowed.
BACKGROUND
Plaintiff is a regional school district providing vocational education to students of 12 municipalities in the greater Boston area. Plaintiff was formed by Chapter 703 of the Acts of 1962 as amended by Chapter 682 of the Acts of 1963. Pursuant to these acts, the district and the municipalities entered into a regional agreement establishing funding procedures.
As a result of that agreement, each member community currently pays an identical per-pupil cost of $4,850.00 to the district.
Plaintiff contends that this agreement remains valid pursuant to G.L.c. 71, §16B, which states that costs shall be apportioned among a district’s member communities in accordance with the terms of regional school district agreements.
G.L.c. 70, §6, enacted subsequent to G.L.c. 71, § 16B as part of the Education Reform Act 1993 (henceforth “the Act”), requires members of districts to contribute a statutorily defined “minimum regional contribution.” It states that “notwithstanding the provisions of any regional school district agreement, each member municipality shall increase its contribution to the regional school district each year by the amount indicated in that district’s share of the municipality’s minimum regional contribution in that fiscal year . . . (T)he district may choose to spend additional amounts; such decisions shall be made and such amounts charged to members according to the district’s required agreement.”
As a result of the Act’s requirements, the per pupil cost for each district is different than that required by the regional agreement.
In its complaint, plaintiff alleges that Section 6 of the Act violates Article I, Section 10 of the United States Constitution, which states that “no state shall pass any law impairing the obligation of contracts”; and parts of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts. Plaintiff also contends that G.L.c. 70, §6 conflicts with G.L.c. 71, §16B.
Defendant, in its Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(1) and (6), cites four grounds for dismissal: (1) as a governmental entity, plaintiff may not challenge the constitutionality of state law; (2) plaintiff lacks standing to challenge the Act’s funding allocation formula, since the Act affects plaintiffs member communities but not plaintiff itself; (3) there is no actual controversy involving rights of plaintiff, *633 for the same reasons cited under (2); (4) nothing in the Constitution prohibits the Legislature from amending formulas that address the allocation of funding for regional school districts; and (5) any statutory claim lacks merit.
Plaintiff, in its Memorandum in Opposition to State Defendant’s Motion to Dismiss, backs away from its claims based on the state and federal Constitutions (see (1) and (4) above) and relies primarily on its claim that the Act conflicts with G.L.c. 71, §16B. To refute defendant’s arguments regarding standing and actual controversy, plaintiff asserts that its legal interests, as well as those of the member communities, are tangibly affected by the Act.
I. Standing and Actual Controversy
In order for a court to entertain a petition for declaratory relief, an “actual controversy” sufficient to withstand a motion to dismiss must appear on the pleadings. Massachusetts Association of Independent Insurance Agents and Brokers, Inc. v. Commissioner of Insurance, 373 Mass. 290, 292 (1977). Even if there is an actual controversy, the particular plaintiff must demonstrate the requisite legal standing to secure its resolution. Id., citing Hillman v. Second Bank-State St. Trust Co., 338 Mass. 15, 19 (1958). The question whether an actual controversy exists is closely related to the issue of standing. Id., citing South Shore Nat’l Bank v. Board of Bank Incorporation, 351 Mass. 363, 366-67 (1966).
Here, defendant argues that it is the district’s member communities, rather than the district itself, that are affected by the Education Reform Act. Plaintiff contends, however, that the member communities have failed to provide it with operating funds due to confusion over the conflicting funding formulas of G.L.c. 70 and G.L.c. 71, §16B.
To the extent that this confusion exists, plaintiff does have a significant stake in the resolution of this purported statutory conflict. Such a stake is adequate to convey standing and to create an actual controversy sufficient for declaratoiy judgment under G.L.c. 231A.
Having found that plaintiff has standing and that an actual controversy exists, this court now turns to the merits of plaintiffs complaint.
II. The Purported Conflict Between G.L.c. 70, §6 and G.L.c. 71, §16B.
Plaintiffs complaint contends that the operation of the Educational Reform Act violates its rights under the state and federal Constitutions. In its Opposition to Defendant’s Motion for Judgment on the Pleadings, however, plaintiff backs away from its constitutional argument and relies primarily on the purported statutory conflict.[1]
G.L.c. 71, §14 et seq. outlines the procedures by which municipalities may form school districts, including vocational school districts. Section 16 provides that “a regional school district established under the provisions of the preceding section shall be a body politic and corporate with all the powers and duties conferred by law upon school committees . . .” Once constituted, a regional school district becomes a distinct entity that administers the schools of its member municipalities.
G.L.c. 71, §16B provides that the amount of operating and other funds provided by each member community shall be determined by a regional school district governing committee and then apportioned “among the several municipalities in accordance with the terms of the regional school district agreement."
G.L.c. 70, §6 requires members of districts to contribute the statutorily defined “minimum regional contribution” that shall be made “notwithstanding the provisions of any regional school district agreement.”
Since G.L.c. 71, §16B requires cost apportionment according to regional agreement, and G.L.c. 70 requires contrary methods of cost apportionment, plaintiff argues the two statutes conflict.
The key phrase — and the apparent source of confusion — in G.L.c. 70, §6 is “notwithstanding the provisions of any regional school district agreement.” The clear intent of this section is to require that the funding formulas established by the Act trump those formulas established by regional school district agreements. The act does not contradict G.L.c. 71, §16B; it merely limits it. After the passage of the Act, districts and municipalities may not enter into agreements that do not meet the “minimum regional contribution” required by the Act.
This change limits, but does not destroy the operation of G.L.c. 71, §16B. As G.L.c. 70, §6 indicates, “(T)he district may choose to spend additional amounts; such decisions shall be made and such amounts charged to members according to the district’s required agreement.” There is thus still a place for both regional agreements and G.L.c. 71, §16B under the Act; the Act simply establishes a baseline.
Absent such an interpretation, G.L.c. 70, §6’s requirement of a statutory minimum contribution would be rendered meaningless. The interpretation adopted by this court allows for the operation of both statutes in accordance with the Legislature’s intentions.
This court thus holds that the portions of the Act in question are constitutional, and that no statutory conflict exists. Plaintiffs contentions are meritless, and dismissal under Mass.R.Civ.P. 12(b)(6) is thus proper. The funding formulas of the Act apply regardless of any contrary funding formulas established by regional agreement.
ORDER
For the reasons set forth above, it is hereby ORDERED that defendant’s motion to dismiss is GRANTED .

 The failings of the constitutional arguments are apparent. In Spence v. Boston Edison Co., 390 Mass. 604, 610 *634 (1983), the Supreme Judicial Court noted that there is a “long-standing and far-reaching prohibition on constitutional challenges by governmental entities to acts of the creator State.’’ The district, which was created by state Acts, falls under this rule.
Further, such a constitutional claim, even if allowable, would be meritless. This is not a case of a statute impairing the obligation of contracts, as plaintiff contends. The “contract” at issue — the regional school district agreement — is actually a mechanism to implement a cooperative arrangement established pursuant to state statute.